JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| XUAN GENG, <br><br> Plaintiff, <br><br> v. <br><br> SHI CHE; ZHIYUAN CHE; SHANDONG ORIENTAL OCEAN GROUP CO., LTD.; AVIOQ, INC.; CHAMROEN CHETTY; and DOES 3 to 10, inclusive, <br><br> Defendants. | Case No.: SACV 22-01716-CJC (KESx) <br><br> ORDER REMANDING ACTION AND DENYING AS MOOT DEFENDANTS' MOTION TO QUASH SERVICE AND TO DISMISS [Dkt. 13]; MOTIONS TO QUASH SERVICE, TO DISMISS, AND TO SET ASIDE DEFAULT [Dkt. 19; Dkt. 24]; AND MOTIONS TO DISMISS [Dkt. 20; Dkt. 23; Dkt. 32] |

I.      INTRODUCTION & BACKGROUND

On September 23, 2020, Plaintiff Xuan Geng filed this action in the Superior Court of California, County of Orange, against Defendants Shi Che, Zhiyuan Che, and

Shandong Marine Group, Ltd., (*see* Dkt. 1 Ex. 1 [Complaint] at 5), and amended the complaint on July 29, 2022, to drop Shandong Marine Group and add Defendants Shandong Oriental Ocean Group Co., Ltd., Aviq, Inc., and Chameron Chetty, (*see id.* Ex. 2 [First Amended Complaint, hereinafter "FAC"] at 10–11). Avioq and Chetty were served on August 20, 2022. (*See* Dkt. 1 [Defendants Avioq, Inc. and Dr. Chamroen Chetty's Notice of Removal of Action, hereinafter "Notice"] ¶ 3.) Geng alleged causes of action against Defendants for breach of contract and common counts for open book account, account stated, and money had and received in connection with a loan agreement. (*See* FAC ¶¶ 1, 21–40.) Avioq and Chetty then removed the action on September 19, 2022, invoking this Court's diversity jurisdiction. (*See* Notice ¶ 10.)

On September 23, 2022, the Court ordered Avioq and Chetty to show cause why this action should not be remanded in light of concerns that they did not obtain the consent of "all defendants who have been properly joined and served" before removal. (Dkt. 12 [Order to Show Cause Why This Action Should Not Be Remanded] at 1 [quoting 28 U.S.C. § 1446(b)(2)(A)].) Avioq and Chetty responded on October 14 raising a separate jurisdictional issue—namely, complete diversity—as Geng clarified in her second amended complaint that she was a citizen of the People's Republic of China ("PRC"), while Defendant Shi Che is also a citizen of the PRC. (*See* Dkt. 21 [Defendants Avioq, Inc. and Dr. Chamroen (sic) Chetty's Response to Order to Show Cause Why This Action Should Not Be Remanded, hereinafter "Response"] at 2.) For the following reasons, this matter is **REMANDED** to the Superior Court of California, County of Orange.[1]

---

[1] Because the Court remands this case for lack of subject matter jurisdiction, the Court **DENIES AS MOOT** (1) Shandong Oriental Ocean Group's motion to quash service and to dismiss, (Dkt. 13), (2) Zhiyuan Che's motions to quash service, to dismiss, and to set aside default, (Dkt. 19; Dkt. 24), (3) Shi Che's motions to dismiss, (Dkt. 20; Dkt. 23), and (4) Avioq's and Chetty's motion to dismiss, (Dkt. 32). Accordingly, the hearings set for November 14 and 28, 2022, are hereby vacated and removed from the calendar.

## II. DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). A federal district court has jurisdiction over a civil action removed from state court only if the action could have been brought in the federal court originally. *See* 28 U.S.C. § 1441(a). A court has diversity jurisdiction, moreover, when more than $75,000 is in controversy and the citizenship of each plaintiff is different from that of each defendant. *See id.* § 1332(a). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "[T]he subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

Avioq and Chetty have not met their burden to prove removal jurisdiction. Their notice of removal argued that complete diversity existed because "Geng [was] a citizen of the State of California and was at the time she initiated the lawsuit" and no defendant shared Geng's citizenship. (Notice ¶ 7.) All that they cited to support Geng's citizenship is the allegation in the first amended complaint that "Plaintiff is an individual residing in Irvine, County of Orange, California." (FAC ¶ 2 at 22; *see also* Notice ¶ 7 [citing the FAC].) "But the diversity jurisdiction statute speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted).

As Avioq and Chetty acknowledge, the second amended complaint—the filing of which they stipulated to, (*see* Dkt. 16 [Stipulation and (Proposed) Order Grating Leave to File Second Amended Complaint])—clarifies that Geng is a citizen of the PRC, (*see* Dkt. 25 [Second Amended Complaint] ¶ 2). Because Shi Che is a citizen of the PRC, (*see* Notice ¶ 7), Geng's similar citizenship defeats complete diversity and, with it, removal jurisdiction. Indeed, Avioq and Chetty acknowledge that Geng's allegations "eliminate complete diversity" and "concede the court must remand this action," (Response at 2), which Geng does not oppose, (*see* Dkt. 22 [Plaintiff's Response to Order to Show Cause and Consent to Remanded (sic)] at 2). Given Avioq's and Chetty's conceded inability to prove jurisdiction, remand is warranted. *See, e.g.*, *Unterleitner v. Basf Catalysts LLC*, No. 16-cv-00818, 2016 WL 805167, at *3 (N.D. Cal. Mar. 2, 2016) ("[G]iven [the defendant's] concession that remand is proper, and in particular because it has not shown [complete diversity], remand is required."); *Christ v. Staples, Inc.*, No. CV 14–07784, 2015 WL 248075, at *9 (C.D. Cal. Jan. 20, 2015) ("As defendants concede, [the plaintiffs] are both California citizens. Consequently, complete diversity of citizenship is lacking, and the court must remand the case . . . .").

### III. CONCLUSION

For the foregoing reasons, this action is **REMANDED** to the Superior Court of California, County of Orange.

DATED: November 3, 2022

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE